UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | 3:17-CR-01569-DCG-1 |
| (1) EVER A. JOHNSON, | § § | |
| *Defendant.* | § § | |

**MEMORANDUM ORDER
DENYING MOTION FOR RECONSIDERATION**

The Court previously denied *pro se* Defendant Ever A. Johnson's request for, among other things, compassionate release—that is, to reduce his criminal sentence to time served—under the First Step Act.[1] Johnson now asks the Court to reconsider its decision denying him compassionate release.[2] Mot. Recons., ECF No. 91. The Government is opposed. Resp., ECF No. 94. The Court **DENIES** Johnson's Motion for Reconsideration.

## I.  BACKGROUND

Johnson pleaded guilty to—and is serving a 137-month prison term for—four counts of bank robbery and one count of bank robbery by the use of a dangerous weapon or device.[3]

---

[1] Mot. Reduce Sentence, ECF No. 66; Reply, ECF No. 81; *see also* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Johnson*, No. 3:17-CR-015669-DCG-1, 2023 WL 2671403, at *1–8, *10 (W.D. Tex. Mar. 28, 2023).

[2] In his Motion for Reconsideration, Johnson asks the Court to reduce his sentence because, he argues, calculating his sentence under the U.S. Sentencing Commission's recently proposed amendments to the U.S. Sentencing Guidelines would result in a lower sentencing range. *See generally* Mot. Recons. This argument rests on a court's authority to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2), not § 3582(c)(1)(A), which is the compassionate release provision. *See, e.g.*, *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *United States v. Hughes*, No. CR 89-373, 2020 WL 4201657, at *2 n.9 (E.D. La. July 22, 2020). But even if the Court were to construe his Motion for Reconsideration as a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), the Court would deny it for the reasons stated herein. *See infra* Section II.

[3] *See* Am. J., ECF No. 54; Am. Plea Agreement, ECF No. 38; *see also* 18 U.S.C. § 2113(a), (d).

Johnson is also serving an 18-month sentence, running consecutively to his 137-month sentence, for violating his supervised release in a separate case.[4]  *See* Order Revoking Supervised Release, *United States v. Johnson*, No. EP-10-CR-01166-PRM-1 (W.D. Tex. May 2, 2018), ECF No. 60. He is currently housed at Schuylkill Federal Correctional Institution ("FCI Schuylkill") in Pennsylvania, and his anticipated release date is September 12, 2028.  *See* Fed. Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited June 12, 2023) (Johnson BOP Register No. 36862-013).

## II.   DISCUSSION

Although the Federal Rules of Criminal Procedure don't explicitly allow motions for reconsideration, courts have recognized that they are proper in criminal cases.[5]  When analyzing motions for reconsideration in a criminal case, courts look to the standards applied under the what-would-be applicable Federal Rule of Civil Procedure if the case were civil.  *Connelly*, --- F. Supp. 3d ----, 2023 WL 2806324, at *2 (citing *United States v. CITGO Petrol. Corp.*, 908 F. Supp. 2d 812, 820 (S.D. Tex. 2012)).  Where, as here, a party challenges a court's ruling within 28 days, the court ordinarily analyzes the motion under Federal Rule of Civil Procedure 59(e). *See, e.g.*, FED. R. CIV. P. 59(e); *CITGO Petrol.*, 908 F. Supp. 2d at 820 (applying Rule 59(e) in criminal case).

"A Rule 59(e) motion calls into question the correctness of a judgment."  *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quotations omitted).  To succeed on a Rule

---

[4] Johnson committed the five bank robberies while he was on supervised release.  Order Revoking Supervised Release, *United States v. Johnson*, No. EP-10-CR-01166-PRM-1 (W.D. Tex. May 2, 2018), ECF No. 60, at 1.

[5] *See, e.g.*, *United States v. Bilecki*, 876 F.2d 1128, 1131 (5th Cir. 1989); *United States v. Randall*, 666 F.3d 1238, 1241–43 (10th Cir. 2011); *United States v. Rollins*, 607 F.3d 500, 502–03 (7th Cir. 2010); *United States v. Connelly*, --- F. Supp. 3d ----, 2023 WL 2806324, at *2 (W.D. Tex. Apr. 6, 2023).

59(e) motion, a party "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot raise issues that could, and should, have been made before the judgment issued." *United Nat'l Ins. Co. v. Mundell Terminal Servs., Inc.*, 740 F.3d 1022, 1031 (5th Cir. 2014) (quotations omitted). Intervening changes in controlling law are also grounds for relief. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

The U.S. Sentencing Commission recently issued a notice of its proposed amendments to the U.S. Sentencing Guidelines. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254, 28,254–28,282 (proposed May 3, 2023). Absent a decision from Congress to the contrary, the proposed amendments will become effective on November 1, 2023. *Id.* at 28,254. One of the proposed amendments is to U.S.S.G. § 4A1.1(d),[6] which concerns the calculation of a defendant's criminal history status points.[7] The proposed amendment would scrap the current § 4A1.1(d) and replace it with a new method of calculating criminal history status points where a defendant commits an offense "while under any criminal justice sentence" (such as supervised release). *See* 88 Fed. Reg. at 28,270–71.[8]

---

[6] 88 Fed. Reg. at 28,270–71.

[7] U.S.S.G. § 4A1.1(d) (2015) ("Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.").

[8] The proposed amendment would move what is now § 4A1.1(e) to subsection (d), and would insert a new subsection (e): "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." 88 Fed. Reg. at 28,270.

Johnson argues that the U.S. Sentencing Commission's proposed amendment to § 4A1.1(d) is an intervening change in controlling law that warrants the Court reconsidering its earlier decision denying him compassionate release.  Mot. Recons. at 2.[9]

The U.S. Sentencing Commission's proposed amendments—including the one to § 4A1.1(d)—are not yet in effect.  88 Fed. Reg. at 28,254 (providing that the sentencing guideline amendments will become effective November 1, 2023 so long as Congress does not modify or disapprove of them); *United States v. Brummett*, No. 4:21-CR-3080, 2023 WL 3319713, at *1 (D. Neb. May 9, 2023).  Moreover, the U.S. Sentencing Commission has not decided whether its proposed amendment to § 4A1.1(d) will apply retroactively to defendants (like Johnson) whom the Court sentenced before the amendments became effective.  88 Fed. Reg. at 28,254 (requesting public comment regarding retroactive application of certain proposed amendments, including those to § 4A1.1).  Johnson's request that the Court consider the U.S. Sentencing Commission's proposed amendment to § 4A1.1(d) as an intervening change in controlling law is therefore premature.  *See Brummett*, 2023 WL 3319713, at *1.

### III.   CONCLUSION

Because the U.S. Sentencing Commission's proposed amendments to U.S.S.G. § 4A1.1 are not yet in effect and will not necessarily be applied retroactively, the Court **DENIES** Defendant Ever A. Johnson's "Motion for Reconsideration" (ECF No. 91).

**So ORDERED and SIGNED this 12th day of June 2023.**

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[9] *See also* 18 U.S.C. § 3582(c)(2) (authorizing a federal court to "reduce [a defendant's] term of imprisonment" if the court based the defendant's sentence "on a sentencing range that has subsequently been lowered by the Sentencing Commission").